IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr.,            )<br>                                                   )<br>                           Plaintiff, )<br>                                                   )<br>vs.                                             )<br>                                                   )<br>Reginald V. Widener,                )<br>                                                   )<br>                           Defendant. )<br>                                                   ) | Civil Action No. 8:06-2384-HMH-WMC<br><br>**O R D E R** |

The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

The plaintiff was released from prison in early 2005 after serving seven years of a 20-year "drug-related" sentence that was entered in 1998. He was released from prison after the South Carolina Supreme Court reversed his conviction, finding that his trial counsel was ineffective for failing to object to unfair, improper prosecutorial argument during his trial. The reversal occurred as a result of the plaintiff's appeal from an unsuccessful Anderson County post conviction review ("PCR") application. The Supreme Court's opinion is dated December 20, 2004, and it remanded the case to the Anderson County Court of Common Pleas (the PCR court). According to the plaintiff's Answers to the Court's Special Interrogatories and the attachments thereto, on remand from the South Carolina Supreme Court, all charges against the plaintiff were "dismissed" in Anderson County, and the plaintiff was released from prison in February 2005.

In the complaint filed in this case, the plaintiff claims that his 1997 arrest by defendant Widener, an officer with the Anderson County Sheriff's Office, violated his Fourth Amendment rights, and that his Sixth Amendment rights were violated by his ineffective defense counsel and by the improper argument of the solicitor during his 1998 criminal trial. He also alleges that his Eighth and Fourteenth Amendment rights were violated by his continued incarceration despite the invalidity of his conviction as shown by the Supreme Court's reversal. The plaintiff seeks damages from numerous individuals and entities who/which were involved in his arrest, trial, and imprisonment.

By order dated November 7, 2006, a number of defendants were dismissed by the Honorable Henry M. Herlong, Jr., United States District Judge. The only remaining defendant is Reginald Widener.

On May 7, 2007 (doc. 33), the plaintiff moved to amend his complaint to seek as relief the release of his two adult children from prison. According to the plaintiff, his children ended up "on the wrong side of the law" because he was wrongfully incarcerated for over seven years in the SCDC. Clearly, the amendment sought by the plaintiff is futile as the requested relief cannot be granted in this action.

On May 23, 2007, the plaintiff moved for default judgment (doc. 41) against defendant Widener, arguing that the defendant did not meet the May 24, 2007, deadline imposed by this court for filing his answer. However, according to the docket, the defendant's answer to the complaint was filed on May 21, 2007, which was within the time period allowed by the court.

Wherefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend (doc. 33) and motion for default (doc. 41). are denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

June 6, 2007
Greenville, South Carolina

2