IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr., | ) |
| Plaintiff, | ) Civil Action No. 8:06-2384-HMH-WMC |
| vs. | ) **O R D E R** |
| Reginald V. Widener, | ) |
| Defendant. | ) |

The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

The plaintiff was released from prison in early 2005 after serving seven years of a 20-year "drug-related" sentence that was entered in 1998. He was released from prison after the South Carolina Supreme Court reversed his conviction, finding that his trial counsel was ineffective for failing to object to unfair, improper prosecutorial argument during his trial. The reversal occurred as a result of the plaintiff's appeal from an unsuccessful Anderson County post conviction review ("PCR") application. The Supreme Court's opinion is dated December 20, 2004, and it remanded the case to the Anderson County Court of Common Pleas (the PCR court). According to the plaintiff's Answers to the Court's Special Interrogatories and the attachments thereto, on remand from the South Carolina Supreme Court, all charges against the plaintiff were "dismissed" in Anderson County, and the plaintiff was released from prison in February 2005.

The plaintiff filed his complaint in August 2006. In April 2007, the plaintiff was arrested on drug charges, and he is apparently being held in Greenwood County. On April 17, 2007, the plaintiff filed a "motion for protection and release," asking that the court order that he be released from the custody of Greenwood County. Clearly these current charges are unrelated to the issues presented in the plaintiff's complaint. This court has no jurisdiction to order that Greenwood County release the plaintiff on these pending charges. Accordingly,

IT IS ORDERED that the plaintiff's "motion for protection and release" (doc. 24) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

June 11, 2007

Greenville, South Carolina

2