IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Earnest E. Vaughn, Sr.,                          )<br>                                      )<br>                    Plaintiff,          )<br>                                      )<br>          vs.                          )<br>                                      )<br>Reginald Widener,                      )<br>                                      )<br>                    Defendant.       )<br>_____) | Civil Action No. 8:06-2384-HMH-WMC<br><br>**O R D E R** |

The plaintiff, a former state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., all pretrial matters in cases filed under Title 42, United States Code, Section 1983, are referred to a United States Magistrate Judge for consideration.

The plaintiff was released from prison in early 2005, after serving seven years of a 20-year "drug-related" sentence that was entered in 1998, when the South Carolina Supreme Court reversed his conviction, finding that his trial counsel was ineffective for failing to object to unfair, improper prosecutorial argument during his trial.  The reversal occurred as a result of the plaintiff's appeal from an unsuccessful Anderson County post-conviction relief ("PCR") application.  The Supreme Court's opinion is dated December 20, 2004, and it remanded the case to the Anderson County Court of Common Pleas (the PCR court).  According to the plaintiff's Answers to the Court's Special Interrogatories and the attachments thereto, on remand from the South Carolina Supreme Court, all charges against the plaintiff were "dismissed" in Anderson County, and the plaintiff was released from prison in February 2005.

In the complaint filed in this case, the plaintiff claims that his 1997 arrest by defendant Widener, an officer with the Anderson County Sheriff's Office, violated his Fourth Amendment rights, and that his Sixth Amendment rights were violated by his ineffective defense counsel and by the improper argument of the solicitor during his 1998 criminal trial. He also alleges that his Eighth and Fourteenth Amendment rights were violated by his continued incarceration despite the invalidity of his conviction as shown by the Supreme Court's reversal. The plaintiff seeks damages from numerous individuals and entities who/which were involved in his arrest, trial, and imprisonment.

By order dated November 7, 2006, a number of defendants were dismissed from this case by the Honorable Henry M. Herlong, Jr., United States District Judge. The only remaining defendant is Reginald Widener.

The plaintiff has moved to amend his complaint and for certification of the matter as a class action. He seeks to add his son, daughter, and two granddaughters as plaintiffs. As argued by the defendant, the plaintiff cannot satisfy the requirements to certify a class, *see Gardner v. S.C. Dep't of Rev.*, 577 S.E.2d 190, 200 (S.C. 2003), and there is no basis for a claim by the plaintiff's children and grandchildren based on the alleged improper actions of the defendant against the plaintiff. The plaintiff has also moved for a directed verdict. Such a motion is not proper at this time.

Now, therefore, based upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend (doc. 59) and motion for directed verdict (doc. 57) are denied.

IT IS SO ORDERED.

S/WILLIAM M. CATOE
United States Magistrate Judge

July 10, 2007

Greenville, South Carolina

2