IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

Earnest E. Vaughn, Sr.,            )
                                   )   C.A. No.  8:06-2384-HMH-WMC
            Plaintiff,             )
                                   )   **OPINION & ORDER**
        vs.                        )
                                   )
Reginald V. Widener,               )
                                   )
            Defendant.             )

      This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Earnest E. Vaughn, Sr. ("Vaughn") filed a complaint pursuant to 42 U.S.C. § 1983. The Defendant filed a motion for summary judgment on October 12, 2007. Magistrate Judge Catoe recommends granting the Defendant's motion. Vaughn filed objections to the Report and Recommendation. For the reasons below, the court adopts the Magistrate Judge's Report and Recommendation and grants the Defendant's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

      On April 10, 1997, Vaughn was arrested for possession of marijuana and possession with intent to distribute methamphetamine ("PWID"). After a jury trial in January 1998, Vaughn was

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

convicted and sentenced to one year and a $1,000 fine on the possession charge, and 20 years and a $100,000 fine on the PWID charge. Vaughn filed an application for post-conviction relief ("PCR"), which was denied by the Anderson County Court of Common Pleas. However, on appeal, the South Carolina Supreme Court reversed his conviction on December 24, 2004, on the basis that Vaughn's counsel was ineffective for failing to object to the prosecutor's improper arguments during closing. After the case was remanded to the Anderson County Court of Common Pleas, the charges against Vaughn were dropped allegedly "because the witnesses and the drugs seized from the Plaintiff were unavailable and even if the Plaintiff were convicted again, he would serve little to no additional time as a result of these charges." (Def.'s Mem. Supp. Summ. J. 5 & Ex. 3 (Rame Campbell Aff., generally).) Vaughn was released from prison in February 2005. Vaughn filed the instant § 1983 action on August 19, 2006.[2] Vaughn alleges that the Defendant violated his Fourth Amendment rights when he detained him and arrested him without probable cause in violation of the Fourth Amendment.

## II. DISCUSSION OF THE LAW

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

2

After review, the court finds that many of Vaughn's objections are non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate his claims. The court was able to glean one specific objection. Vaughn objects to the Magistrate Judge's conclusion that he was properly detained and his arrest by the Defendant was based on probable cause. Vaughn alleges that the Defendant has admitted that

> he lied under oath to obtain the arrest warrant and further admitted that he did infact [sic] detain the Plaintiff and his Girlfriend without probable cause for an arrest and further gave no reasonable suspicion supported by articulable facts that a crime had been or was about to be committed as required by the Fourth Amendment of the United States Constitution.

(Objections 1-2.) Magistrate Judge Catoe found that the Defendant's detention did not violate Terry v. Ohio, 392 U.S. 1 (1968).

The Defendant testified at trial that around 3:00 a.m. on April 10, 1997, he observed a vehicle Vaughn was in driving around a store several times. The vehicle left the parking lot and pulled up to a red light at which time Vaughn and a female, who was also in the vehicle, looked at the Defendant. (Trial Tr. 24.) The area was a high crime area and a number of burglaries had occurred in the vicinity. (Id. 25.) The Defendant decided to follow the vehicle, which had accelerated from the red light at a high rate of speed. (Id. 25-26.) Vaughn alleges that the vehicle did not "flee . . . at a high rate of speed." (Objections 1.) Ultimately, the vehicle pulled into a driveway. The Defendant proceeded past the driveway and waited a few minutes before driving back to the area. (Trial Tr. 25-26.) Vaughn was on the front porch of the residence which did not have any interior lights illuminated. (Id. 26.) The Defendant approached Vaughn, informed him that he was a police officer, asked for identification, and asked if he knew someone who lived at the residence. (Id. 27.) Vaughn stated that he had done some work for the residents and gave the first name of an individual. (Trial Tr. 27.) The Defendant was

3

concerned for his safety given that it was 3:00 a.m. and a high crime area. The Defendant asked if he could pat down Vaughn for weapons, and Vaughn consented. (Id. 28.) Both the Defendant and Vaughn testified at his trial that the Defendant asked Vaughn if he had any weapons, to which Vaughn responded that he had weapons on his person and marijuana in his pocket. (Id. 64-65.) After discovering the marijuana, the Defendant placed Vaughn under arrest and during the search incident to the arrest discovered a substance contained in 13 individually wrapped bags, which was later determined to be methamphetamine. (Id. 29.)

A police officer is allowed to stop and detain an individual if there is a "reasonable articulable suspicion that criminal activity is afoot." United States v. Reaves, 512 F.3d 123, 126 (4th Cir. 2008) (internal quotation marks omitted). In order to frisk the individual, there must additionally be reasonable suspicion that the suspect may be armed and dangerous. United States v. Swann, 149 F.3d 271, 274 (4th Cir. 1998). To determine the limits of police conduct, Terry employs a dual inquiry: "whether the officer's action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Terry, 392 U.S. at 20. Based on the facts outlined above, the Defendant submits that there was reasonable suspicion to stop and pat down Vaughn. The court agrees. The events leading up to the detention created reasonable suspicion to stop Vaughn. In addition, the Defendant asked Vaughn if he had any weapons and Vaughn stated that he had knives and marijuana on his person. Further, there is no evidence in the record to support Vaughn's contention that the Defendant admitted that he lied under oath. Vaughn was granted PCR relief because the prosecutor made improper arguments during her closing argument. (Def.'s Mem. Supp. Summ. J. Ex. 1 (Rame Campbell Aff. ¶ 7).) The South Carolina Supreme Court did not conclude that Vaughn's Fourth Amendment rights had been violated. Therefore, after a

4

thorough review of the Report and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion for summary judgment, docket number 118, is granted. It is further

**ORDERED** that Vaughn's other pending motions are dismissed as moot.

**IT IS SO ORDERED**.

				s/Henry M. Herlong, Jr.
				United States District Judge

Greenville, South Carolina
February 21, 2008

## NOTICE OF RIGHT TO APPEAL

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.